IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2001 Session

## STATE OF TENNESSEE v. DAVID M. BLACK

**Appeal from the Circuit Court for Sumner County**
**No. 20329-C     Clara W. Byrd, Judge**

_____

**No. M2000-02935-COA-R3-CD - Filed September 26, 2002**

_____

**OPINION ON PETITION TO REHEAR**

The State has petitioned this court to rehear its decision in this case. The state also requested, and was twice granted, additional time to supplement or correct the appellate record to include an amended judgment reflecting the details of Mr. Black's 1997 conviction and sentencing. The State has now filed this amended judgment properly certified by the trial court which heard Mr. Black's petition for restoration of citizenship. The amended judgment was introduced at the hearing on the restoration petition but was not included in the record in the appeal. Because the trial judge has certified that the amended judgment was introduced and considered in the hearing, we grant the State's motion to supplement the record.

The amended judgment makes it clear that Mr. Black was in fact sentenced to the penitentiary.[1] Based upon this correction to the record, we conclude that our original opinion should be changed in one respect.

In that opinion, we found that Mr. Black had not lost his right to hold public office because Tenn. Code Ann. § 40-20-114 removes that right only from convicted felons who are "sentenced to the penitentiary." Because we now know that Mr. Black was, in fact, sentenced to the penitentiary, our earlier finding is in error. We find that Mr. Black's 1997 conviction of forgery and his sentence to the penitentiary resulted in the forfeiture of his right to seek and hold public office by operation of Tenn. Code Ann. § 40-20-114.

We do not, however, conclude that this new information requires a different outcome on the merits of the issue of restoration of his citizenship rights, including the right to seek and hold public

---

[1]The Amended Judgment, dated October 7, 1997, reflects that Mr. Black was sentenced to the Tennessee Department of Correction for two years, but was placed on probation immediately, with 350 hours of unpaid community service as a condition of his probation. *See* Tenn. Code Ann. § 40-36-106(f).

office.  We adhere to our conclusion that the statutory presumption in favor of the restoration was not overcome by a showing, by a preponderance of the evidence, of good cause to deny the petition for restoration of citizenship rights.

Because of the post opinion amendment to the record, however, the conclusion of our opinion filed June 25, 2002, is modified as follows:

> Because the presumption in favor of restoration was not overcome by proof of good cause to deny it, we affirm the restoration of Mr. Black's right to vote and reverse the denial of his right to seek and hold public office.  His full rights of citizenship are restored.

 

_____
PATRICIA J. COTTRELL, JUDGE